**Jose Luis AREVALO, Petitioner—
Appellant,**

v.

**Joe W. BOOKER, Jr., Warden,
Respondent—Appellee.**

No. 06–15367.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 16, 2007.

Jose Luis Arevalo, Tucson, AZ, pro se.

Peter Lantka, Esq., Office of the U.S.
Attorney, Phoenix, AZ, for Respondent–
Appellee.

Before: LEAVY, THOMAS, and
BERZON, Circuit Judges.

MEMORANDUM **

Jose Luis Arevalo appeals pro se from
the district court's order denying his 28
U.S.C. § 2241 petition challenging his en-
hanced security classification and the revo-
cation of good time credits. We have ju-
risdiction pursuant to 28 U.S.C. § 1291,
and we affirm.

Arevalo contends that his classification
and placement in an enhanced security
program, and his subsequent loss of good
time credits for violating the rules of that
program, violated due process. However,
a due process claim is cognizable only if
there is a recognized liberty interest at
stake. *See McLean v. Crabtree*, 173 F.3d
1176, 1184 (9th Cir.1999). Prison officials'
exercise of discretion to assign a security
classification to an inmate does not violate
the inmate's liberty interests. *See Moody
v. Daggett*, 429 U.S. 78, 88, 97 S.Ct. 274, 50
L.Ed.2d 236 (1976). Accordingly, Areva-
lo's classification and placement in an en-
hanced security program did not violate
due process. *See id.*

Further, the disciplinary hearing on
Arevalo's rule violation comported with
due process, *see Wolff v. McDonnell*, 418
U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d
935 (1974), and some evidence supports the
disciplinary finding. *See Superintendent
v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768,
86 L.Ed.2d 356 (1985). Accordingly, the
revocation of good time credits did not
violate due process. *See Wolff*, 418 U.S. at
563–66, 94 S.Ct. 2963.

**AFFIRMED.**

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.